1  CROWN REALTY AND DEVELOPMENT, INC.
   WENDY  HUANG (SB# 164729)
2  18201 Von Karman Avenue, Suite 950
   Irvine, CA 92616
3  Telephone: (949) 567-5861
   Facsimile: (949) 862-1044
4
   HODEL BRIGGS WINTER LLP
5  MATTHEW A. HODEL (SB# 93962)
   MICHAEL S. LEBOFF (SB# 204612)
6  8105 Irvine Center Drive, Suite 1400
   Irvine, CA  92618
7  Telephone:  (949) 450-8040
   Facsimile:  (949) 450-8033
8
   Attorneys for Plaintiff and Counterdefendant
9  CROWN CHARLESTON ASSOCIATES, LLC
   and Third-Party Defendants CRD ASSOCIATES, LLC and
10 CROWN REALTY AND DEVELOPMENT, INC.

11              UNITED STATES DISTRICT COURT FOR THE

12              CENTRAL DISTRICT OF CALIFORNIA

13

14 | CROWN CHARLESTON | Case No. SACV 08-00419 AG(RNBx) |
   | ASSOCIATES, LLC, a Delaware limited | |
15 | liability company, | [Assigned for all purposes to the Hon. Andrew J. Guilford] |
16 |         Plaintiff, | **AMENDED STIPULATION FOR ENTRY OF A PROTECTIVE** |
17 |     vs. | **ORDER;** [PROPOSED] **ORDER THEREON** |
18 | SMARKEL, LLC, a South Carolina limited liability company; DANA, LLC, | |
   | a South Carolina limited liability | ***REFERRED TO MAGISTRATE*** |
19 | company; RBG 70, LLC, a South | ***JUDGE ROBERT N. BLOCK*** |
   | Carolina limited liability company; SHG | |
20 | 70, LLC, a South Carolina limited | |
   | liability company; and DOES 1 through | |
21 | 100, inclusive, | |
22 |         Defendants. | |
23 | | |
   | AND RELATED COUNTERCLAIMS | |
24 | AND THIRD-PARTY CLAIMS | |
25

26

27

28

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties to this action that the following proposed Protective Order be entered, subject to the approval of the Court, as follows:

1.      Whereas, on or about May 30, 2008, Crown Charleston Associates, LLC ("Plaintiff") issued a subpoena for business records on non-party Walmart Stores East, Inc. ("Walmart").  Compliance with the subpoena will require Wal-Mart to produce business records, some of which Walmart or any of the parties may, in good faith, consider to be confidential and proprietary, including but not limited to financial information, business plans, contract terms, and other non-public information.

2.      Whereas, on or about July 8, 2008, Defendants Smarkel, LLC, Dana, LLC, RBG 70, LLC and SHG 70, LLC (collectively "Defendants") issued a subpoena for business records on non-party Wachovia Bank, N.A. ("Wachovia") Stores East, Inc.  Compliance with the subpoena will require Wachovia to produce business records, some of which Wachovia or any of the parties may, in good faith, consider to be confidential and proprietary, including but not limited to financial information, business plans, contract terms, and other non-public information.

3.      This stipulation shall apply only to non-public business records produced pursuant to the subpoenas issued to Wachovia and Walmart, to which the producing entity and/or any of the parties reasonably deem to be confidential and proprietary (hereafter "Confidential Material").  Material or information derived from, and testimony based upon review of, Confidential Material is also considered confidential.

4.      Access to Confidential Material, and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to Materials so designated, shall be limited to:

a.      Outside counsel of record for the parties and insurers for the parties;

b.      The clerical employees of such counsel of record (including secretaries, legal assistants, and clerks) actually assisting such counsel in preparation of this case;

c.      Non-party experts or consultants retained to assist counsel of record in this case; *provided, however*, that such experts or consultants have access to such Material only to the extent necessary to perform the duties for which they have been retained;

d.      The parties or officers and employees of the parties whose access to the Materials is reasonably and in good faith necessary for the prosecution or defense of this action;

e.      Court reporters involved in transcribing depositions or other proceedings in this litigation;

f.      Deponents and trial witnesses during the course of their depositions or trial testimony; *provided, however*, that counsel for the designating party shall be informed that the deponent or trial witness will be shown such Material before the designated Material is shown to the deponent or trial witness, to give counsel for the designating party an opportunity to object.

**AMENDED STIPULATION FOR ENTRY OF A PROTECTIVE ORDER; [PROPOSED] ORDER**

g.      The Court and related officials involved in this case, including judges, commissioners, Court-appointed referees, members of the jury, if any, in the case, and other Court personnel.

h.      Mediators, settlement judges or other persons appointed by the Court or selected by the parties to assist in the resolution of this action; and

i.      Any other individuals as authorized by Court or consented to in writing by the parties.

5.      Except for the Court and Court personnel, each recipient of the Confidential Material shall maintain such Material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use, and dissemination of such Material as is exercised by the recipient with respect to its own confidential and proprietary material.  Although there is no requirement to keep the documents in a locked storage area.

6.      Except upon consent of the designating party or upon order of the Court, any and all Confidential Materials produced, served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those Materials, shall be used only for preparation and presentation of this action and for no other purpose whatsoever.  Without limiting the foregoing, the receiving party shall not use any Materials for any business purposes whatsoever, including (without limitation) for developing business strategies or for the solicitation of any customer (for business purposes or otherwise).

Crown_AmendSti
p.DOC

AMENDED STIPULATION FOR ENTRY OF A PROTECTIVE ORDER; [PROPOSED] ORDER

1      7.    Within fifteen (15) days after final determination or settlement of this

2  action, all Materials designated as Confidential that have been produced by the

3  designating party to another party during the course of this action shall be delivered

4  to counsel for the designating party, and all reproductions, copies, abstracts,

5  indices, summaries or any other embodiment of such Materials shall either be

6  delivered to counsel for the designating party or destroyed.  The designating party

7  shall be entitled to receive, upon request, a declaration signed by the

8  delivering/destroying party setting forth that any and all such Materials have been

9  delivered and/or destroyed, as applicable and as permitted.  Notwithstanding the

10  above, counsel for each party may retain one copy of such Material to maintain a

11  complete file of the litigation; *provided, however,* that the Material is maintained in

12  accordance with paragraph 5 above, and that all further copies of Confidential

13  Material shall be destroyed or delivered to counsel for the designating party.

14

15      8.    If any Confidential Material is disclosed to any person other than in the

16  manner authorized by this Order, the party responsible for the disclosure must

17  immediately bring all pertinent facts relating to such disclosure to the attention of

18  the opposing party and the designating party, and without prejudice to the rights

19  and remedies of the designating party, make every effort to prevent further

20  unauthorized disclosure on its own part or on the part of the recipient of such

21  Material.

22

23      9.    Nothing in this Protective Order shall preclude any party to the lawsuit

24  or their attorneys from showing Confidential Materials to an individual who

25  prepared or personally received the material at the time it was created.

26

27      10.    Nothing in this Order prohibits any party to this Order, or third party,

28  from refusing to disclose or produce trade secrets or confidential information not

CROWN_AmendSti
P.DOC

-5-

**AMENDED STIPULATION FOR ENTRY OF A PROTECTIVE ORDER; [PROPOSED] ORDER**

relevant to, or likely to lead to the discovery of evidence relevant to, the proof of, or defense against, a material element of a cause of action in the litigation.  The Court retains the right to rule independently on any such assertion of privilege.

11.    Nothing in this Order shall be construed as requiring disclosure of materials privileged under the attorney/client privilege, the attorney work product doctrine, or any applicable privilege.

12.    Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

13.    The fact that materials have been designated as Confidential shall have no bearing on whether the materials are admissible into evidence.

14.    By approving the form of this Protective Order the parties do not concede that any Confidential Material is properly the subject of any protective order.

15.    No provision of this Protective Order shall require any person or corporation not a party to this action to respond to any discovery request, except as may otherwise be required by law.

16.    The terms of this order shall survive any final disposition of this case, unless otherwise ordered by the Court.  The Court shall retain jurisdiction to enforce or modify this Protective Order.

17.     The Protective Order is subject to revocation or modification by order of the Court upon written stipulation of the Parties, or upon regularly noticed motion and hearing.

18.     To the extent any party believes that any document produced by Walmart or Wachovia contains proprietary information, it shall be entitled to seek an order from this Court that the material be filed under seal.

19.     This Stipulated Protective Order may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute one document.

IT IS SO STIPULATED:

DATED:  August __, 2008          CROWN REALTY AND DEVELOPMENT, INC.

HODEL BRIGGS WINTER LLP

By:_____
MICHAEL S. LEBOFF

Attorneys for Plaintiff and Counterdefendant CROWN CHARLESTON ASSOCIATES, LLC and Third-Party Defendants CRD ASSOCIATES, LLC and CROWN REALTY AND DEVELOPMENT, INC.

DATED:  August __, 2008          GILCHRIST & RUTTER

By:_____
KEVIN M. YOPP

Attorneys for Defendants and Counterclaimants SMARKEL, LLC; DANA, LLC; RBG 70, LLC,; and SHG 70, LLC

CROWN_AmendSti
P.DOC

-7-

**AMENDED STIPULATION FOR ENTRY OF A PROTECTIVE ORDER; [PROPOSED] ORDER**

# [~~PROPOSED~~] ORDER

Upon review and consideration of the stipulation of the parties, and upon a determination of good cause, the parties' Amended Stipulation for Entry of a Protective Order is hereby GRANTED.

IT IS SO ORDERED:

Dated:  September 3, 2008

_____
Robert N. Block
Magistrate Judge, United States District Court

**AMENDED STIPULATION FOR ENTRY OF A PROTECTIVE ORDER; [PROPOSED] ORDER**