CROWN REALTY AND DEVELOPMENT, INC.
WENDY HUANG (SB# 164729)
18201 Von Karman Avenue, Suite 950
Irvine, CA 92616
Telephone: (949) 567-5861
Facsimile: (949) 862-1044

HODEL BRIGGS WINTER LLP
MATTHEW A. HODEL (SB# 93962)
MICHAEL S. LEBOFF (SB# 204612)
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Plaintiff and Counterdefendant
CROWN CHARLESTON ASSOCIATES, LLC
and Third-Party Defendants CRD ASSOCIATES, LLC and
CROWN REALTY AND DEVELOPMENT, INC.

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWN CHARLESTON ASSOCIATES, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>SMARKEL, LLC, a South Carolina limited liability company; DANA, LLC, a South Carolina limited liability company; RBG 70, LLC, a South Carolina limited liability company; SHG 70, LLC, a South Carolina limited liability company; and DOES 1 through 100, inclusive,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS | Case No. SACV 08-00419 AG(RNBx)<br><br>[Assigned for all purposes to the Hon. Andrew J. Guilford]<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>***REFERRED TO MAGISTRATE JUDGE ROBERT N. BLOCK*** |

Upon review and consideration of the stipulation of the parties, and upon a determination of good cause, the parties' Stipulation for Entry of a Protective Order is hereby granted as follows:

1. Defendants and Counterclaimants Smarkel, LLC; Dana, LLC; RBG 70, LLC; and SHG 70, LLC (collectively "Smarkel") served requests for production of documents on Crown Charleston Associates, LLC; CRD Associates, LLC; and Crown Realty and Development, Inc. (collectively "Crown Entities"). Compliance with these requests for production will require the Crown Entities to produce confidential, non-public financial information and analysis concerning the Crown Entities and their affiliated individuals and entities, which the Crown Entities, in good faith, consider to be confidential and proprietary. Smarkel also served subpoenas on Kenneth Chirba, Raquel Castro, and Phillip Rhiner, Crown's contacts at Wachovia Bank, N.A. Compliance with these subpoenas may require the subpoenaed individuals to produce confidential, non-public financial information and analysis concerning the Crown Entities and their affiliated individuals and entities, which the Crown Entities, in good faith, consider to be confidential and proprietary. The Crown Entities have also served requests for production of documents on Smarkel, which may also require Smarkel to produce confidential, non-public financial information and analysis.

2. In responding to document requests and subpoenas, whether made formally or informally, any party may designate documents "Confidential Material." The party shall designate information "Confidential Material" only when that party has a good faith belief that the information so designated is confidential within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure or other applicable law. Material or information derived from, and

testimony based upon review of, Confidential Material is also considered Confidential Material.

3. The designation of materials as Confidential Material by the parties to this litigation shall be made as follows:

(a) By imprinting the words "Confidential – Subject to Protective Order in United States District Court Case No. SACV 08-00419 AG(RNBx)" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials;

(b) For electronic format materials, by imprinting the words "Confidential – Subject to Protective Order in United States District Court Case No. SACV 08-00419 AG(RNBx)" on the face of each page of the electronic document so designated, by imprinting the words "Confidential – Subject to Protective Order in United States District Court Case No. SACV 08-00419 AG(RNBx)" in a conspicuous place on the media itself (e.g., the disk or CD), or by designating the production as "Confidential and subject to the Protective Order" in the transmittal cover letter.

4. Access to Confidential Material, and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to Materials so designated, shall be limited to:

a. Outside counsel of record for the parties and insurers for the parties;

b.   The clerical employees of such counsel of record (including secretaries, legal assistants, and clerks) actually assisting such counsel in preparation of this case;

c.   Non-party experts or consultants retained to assist counsel of record in this case; *provided, however*, that such experts or consultants have access to such Material only to the extent necessary to perform the duties for which they have been retained;

d.   The parties or officers and employees of the parties whose access to the Materials is reasonably and in good faith necessary for the prosecution or defense of this action;

e.   Court reporters involved in transcribing depositions or other proceedings in this litigation;

f.   Deponents and trial witnesses during the course of their depositions or trial testimony; *provided, however*, that counsel for the designating party shall be informed that the deponent or trial witness will be shown such Material before the designated Material is shown to the deponent or trial witness, to give counsel for the designating party an opportunity to object.

g.   The Court and related officials involved in this case, including judges, commissioners, Court-appointed referees, members of the jury, if any, in the case, and other Court personnel.

h.   Mediators, settlement judges or other persons appointed by the Court or selected by the parties to assist in the resolution of this action; and

1      i.      Any other individuals as authorized by Court or consented to in writing by the parties.

5. Except for the Court and Court personnel, each recipient of the Confidential Material shall maintain such Material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use, and dissemination of such Material as is exercised by the recipient with respect to its own confidential and proprietary material. Although there is no requirement to keep the documents in a locked storage area.

6. Except upon consent of the designating party or upon order of the Court, any and all Confidential Materials produced, served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those Materials, shall be used only for preparation and presentation of this action and for no other purpose whatsoever. Without limiting the foregoing, the receiving party shall not use any Materials for any business purposes whatsoever, including (without limitation) for developing business strategies or for the solicitation of any customer (for business purposes or otherwise).

7. Within fifteen (15) days after final determination or settlement of this action, all Materials designated as Confidential that have been produced by the designating party to another party during the course of this action shall be delivered to counsel for the designating party, and all reproductions, copies, abstracts, indices, summaries or any other embodiment of such Materials shall either be delivered to counsel for the designating party or destroyed. The designating party shall be entitled to receive, upon request, a declaration signed by the delivering/destroying party setting forth that any and all such Materials have been

1  delivered and/or destroyed, as applicable and as permitted.  Notwithstanding the
2  above, counsel for each party may retain one copy of such Material to maintain a
3  complete file of the litigation; *provided, however,* that the Material is maintained in
4  accordance with paragraph 5 above, and that all further copies of Confidential
5  Material shall be destroyed or delivered to counsel for the designating party.
6
7  8.  If any Confidential Material is disclosed to any person other than in the
8  manner authorized by this Order, the party responsible for the disclosure must
9  immediately bring all pertinent facts relating to such disclosure to the attention of
10 the opposing party and the designating party, and without prejudice to the rights
11 and remedies of the designating party, make every effort to prevent further
12 unauthorized disclosure on its own part or on the part of the recipient of such
13 Material.
14
15 9.  Nothing in this Protective Order shall preclude any party to the lawsuit
16 or their attorneys from showing Confidential Materials to an individual who
17 prepared or personally received the material at the time it was created.
18
19 10.  Nothing in this Order prohibits any party to this Order, or third party,
20 from refusing to disclose or produce trade secrets or confidential information not
21 relevant to, or likely to lead to the discovery of evidence relevant to, the proof of, or
22 defense against, a material element of a cause of action in the litigation.  The Court
23 retains the right to rule independently on any such assertion of privilege.
24
25 11.  Nothing in this Order shall be construed as requiring disclosure of
26 materials privileged under the attorney/client privilege, the attorney work product
27 doctrine, or any applicable privilege.
28

12. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

13. The fact that materials have been designated as Confidential shall have no bearing on whether the materials are admissible into evidence.

14. By approving the form of this Protective Order the parties do not concede that any Confidential Material is properly the subject of any protective order. Entry of this Protective Order shall be without prejudice to any party's motion for relief from or modification of the provisions hereof, or to any other motion relating to the production, exchange, or use of any document or other information in the course of this action, provided however, that no such motion shall be made after entry of a final judgment or settlement. If a party disagrees with a producing party's designation of information as Confidential, or disputes the limitations on access to be accorded such information under this Protective Order, the party contesting the designation or restriction on access shall provide to the producing party written notice of its disagreement and specifically identify the information or restriction on access in dispute, and state the reasons why the party believes such information is not Confidential. If, despite good faith effort, the dispute cannot be resolved informally by the parties within fifteen (15) days of the producing party's receipt of the written notice, the party contesting the designation or restriction on access may seek relief from the Court. The parties do not intend to change the legal burden of demonstrating the confidentiality of such documents. Pending the Court's ruling, the party contesting the designation shall continue to treat the information in accordance with the "Confidential" designation. Any motion brought pursuant to this paragraph must be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

15. No provision of this Protective Order shall require any person or corporation not a party to this action to respond to any discovery request, except as may otherwise be required by law.

16. The terms of this order shall survive any final disposition of this case, unless otherwise ordered by the Court. The Court shall retain jurisdiction to enforce or modify this Protective Order.

17. The Protective Order is subject to revocation or modification by order of the Court upon written stipulation of the Parties, or upon regularly noticed motion and hearing.

18. To the extent any of the Crown Entities believes that any document contains proprietary information, it shall be entitled to seek an order from this Court that the material be filed under seal.

19. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena in another action.

IT IS SO ORDERED:

Dated: November 21, 2008

_____
Robert N. Block
Magistrate Judge, United States District Court

34122_1                                         -8-

[PROPOSED] PROTECTIVE ORDER